JOHN G. PROBST, Respondent, *v.* THE ROCHESTER STEAM LAUNDRY COMPANY, Appellant.

LEASE — ACTS OF ASSIGNEE CONSTITUTING AN ELECTON TO EXERCISE OPTION FOR EXTENSION — HIS LIABILITY FOR RENT OF EXTENDED TERM.

The assignee of a lease which provided for a fixed term with the privilege of extending it by giving written notice to the lessor, who enters into possession of the demised premises and continues therein after the term has expired without any claim of right so to do, except as authorized by the lease, and who pays the rent thereafter as it becomes due, impliedly elects to exercise the option for an extension of the term, although no express notice of such election is given, and the lessor by receiving the rent impliedly waives the requirement of a written notice and consents to such occupancy; the assignee, therefore, continues liable for the rent for the unexpired portion of the extended term, although before its expiration he assigns the lease and abandons the premises.

*Probst* v. *Rochester Steam Laundry Co..* 59 App. Div. 625, affirmed.

(Argued June 17, 1902; decided June 27, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 12, 1901, affirming a judgment in favor of plaintiff

entered upon a decision of the Monroe County Court on trial without a a jury.

On the 19th of July, 1897, the plaintiff, by an instrument in writing, leased his store in the city of Rochester to one Stadler for the term of one year from that date, at the rent reserved of six dollars a week. The lease contained the following clause : " The party of the second part has the option of two more years upon same conditions, provided he gives the owner of store a written notice of such intention three months before the expiration of first year." Stadler went into possession and occupied the premises until September 29th, 1897, when he assigned the lease to the defendant, there being no stipulation therein prohibiting the assignment thereof. The defendant took possession at once and continued in occupation until the 15th of November, 1898, when it assigned the lease to one of its employees, after paying the rent to that date. This action was brought to recover the rent which accrued between November 16th, 1898, and May 15th, 1900, on the theory that the defendant had exercised the option to extend the lease, and had become liable to the plaintiff accordingly.

After finding the foregoing facts in substance the trial court further found that : " At the expiration of the term on the 18th day of July, 1898, the defendant did not vacate or surrender possession of the premises, nor remove therefrom, but continued in possession of the same with the consent of the plaintiff, paying rent therefor to the plaintiff, down to and including the 15th of November, 1898 ; and the defendant by so continuing in possession of the said premises, with plaintiff's consent, after the expiration of the term of one year mentioned in said lease, paying the rent therefor named in the lease to the plaintiff, elected to and did exercise the option contained in the lease to renew the same for the additional period of two years from the 19th day of July, 1898, the plaintiff waiving the written notice of such election on the defendant's part, required by the lease." Judgment was directed against the defendant for the amount claimed by the plaintiff,

and after affirmance by the Appellate Division, all the justices concurring, the defendant appealed to this court.

*J. B. M. Stephens* and *Kendall B. Castle* for appellant. There was no privity of contract between plaintiff and defendant, and consequently defendant was not liable for rent after the privity of estate ceased. (*Long* v. *Stafford,* 103 N. Y. 274; *Durand* v. *Curtis,* 57 N. Y. 7; *Haynes* v. *Aldrich,* 133 N. Y. 287; *Herter* v. *Mullen,* 159 N. Y. 25; *Talamo* v. *Spitzmiller,* 120 N. Y. 37; *Preston* v. *Hawley,* 101 N. Y. 586; *Chase* v. *S. A. R. R. Co.,* 97 N. Y. 384; *Zorkowski* v. *Astor,* 156 N. Y. 393; *Frank* v. *N. Y., L. E. & W. R. R. Co.,* 122 N. Y. 197.) The defendant was assignee of a three-year term and was liable for rent only while it occupied the premises. (*Stone* v. *S. L. S. Co.,* 155 Mass. 267; *Kramer* v. *Cook,* 73 Mass. 550; *Newhoff* v. *Mayo,* 48 N. J. Eq. 619; McAdam on Landl. & Ten. [3d ed.] 545, § 157; *Bogan* v. *Wright,* 22 Misc. Rep. 94; *Phyfe* v. *Wardell,* 5 Paige, 268; *House* v. *Burr,* 24 Barb. 525; *Cretian* v. *Doney,* 1 N. Y. 419; *Voege* v. *Ronalds,* 83 Hun, 114; *Walker* v. *Reeve,* 3 Doug. 19; *Tate* v. *McCormick,* 23 Hun, 218.)

*Heman W. Morris* for respondent. By continuing in possession of the demised premises after the expiration of the term, with plaintiff's consent, the defendant will be presumed to have elected to renew the lease for the additional two years, and this presumption is one of fact, which will not be disturbed by this court. (Code Civ. Pro. § 191, subd. 4; *Marden* v. *Dorthy,* 160 N. Y. 39; *People* v. *Barker,* 152 N. Y. 417; *Szuchy* v. *H. C. & I. Co.,* 150 N. Y. 219; *Meserole* v. *Hoyt,* 161 N. Y. 59; *Long* v. *Stafford,* 103 N. Y. 274; *Woodcock* v. *Roberts,* 66 Barb. 498; *Voege* v. *Ronalds,* 83 Hun, 114; *Kramer* v. *Cook,* 73 Mass. 550.) An assignee of a lease containing an option to renew, who exercises such option, either by continuing in possession under the lease, after the expiration of the original term, with the consent of

the landlord, or in any other manner, will be bound by the same rule governing such election and the consequences following therefrom as the lessee himself had he remained in possession, and the rule that the assignee of a lease is only liable for the rent so long as he holds the lease and remains in possession under it has no application to such a case. (*Woodcock* v. *Roberts*, 66 Barb. 498; *Wilkinson* v. *Pettit*, 47 Barb. 230; *Downing* v. *Jones*, 11 Daly, 245; *Sutherland* v. *Goodnow*, 108 Ill. 528; Gerard on Tit. to Real Est. [3d ed.] 183; McAdam on Landl. & Ten. [3d ed.] 537, 538; *Piggot* v. *Mason*, 1 Paige, 412; *Kelly* v. *Kelly*, 1 Daly, 419.) Defendant's liability for the rent in dispute is not affected by the Statute of Frauds. (*Long* v. *Stafford*, 103 N. Y. 274; *Baillie* v. *Plant*, 11 Misc. Rep. 30; *Crane* v. *Powell*, 139 N. Y. 379; *Matthew* v. *Matthews*, 154 N. Y. 288.) Defendant cannot escape liability for the rent in question on the plea that the lease when assigned to it was for a fixed term of three years. (*Marden* v. *Dorthy*, 160 N. Y. 39.)

VANN, J.    A lessee, who enters into possession of demised premises under a lease for a fixed term with the privilege of extending it by giving written notice to the lessor, and continues in possession after the fixed term has expired, paying the rent thereafter as it becomes due, thereby elects to exercise the option for an extension of the term, although no express notice of such election is given. (*Long* v. *Stafford*, 103 N. Y. 274, 283.) In such a lease the requirement of a written notice may be waived by the parties and a waiver will be implied when the lessee remains in possession and pays the rent to the lessor. (Id.)

The assignment of the lease in question by the lessee to the defendant conferred upon it all his rights, including the privilege of exercising the option to extend the term. "The benefit running with the land is transmitted by assignment." (McAdam's Landlord & Tenant [3rd ed.], 377; *Piggot* v. *Mason*, 1 Paige, 412.) The assignee thereupon became liable for the rent by privity of estate so long as it remained in pos-

session, but it could have terminated the liability at any time during the first year by assigning the lease and leaving the premises. (*Frank* v. *N. Y., L. E. & W. R. R. Co.*, 122 N. Y. 197.) It was the duty of the assignee upon the expiration of the original term to surrender possession to the lessor, or exercise the option given by the lease. Among the covenants on the part of the lessee running with the land, was one requiring surrender of possession to the lessor upon the expiration of the defined term, unless the option was exercised. The assignee gave no written notice of an intention to extend the lease, but continued in possession after the expiration of the first year and paid the rent every week as it fell due for the period of four months. The lessor by accepting the rent from the assignee waived his right to require written notice of election as required by the lease. The assignee claimed no right to hold over or to continue in possession except as authorized by the lease. No such circumstances existed as were held in two recent cases to rebut the presumption of a renewal or extension by implication. (*Herter* v. *Mullen*, 159 N. Y. 28; *Zorkowski* v. *Astor*, 156 N. Y. 393.) The case is barren of any excuse, real or pretended, for continuing in possession and paying rent without exercising the option. The assignee at the expiration of the first year stood in the shoes of the lessee with all the privileges and duties which would have devolved upon him had he then owned the lease. Any act which, if done by the lessee, would have raised a conclusive presumption that he intended to exercise the option, would if done by the assignee in possession have the same effect. Due effect can be given to the lease and the assignment thereof in no other way. A lessee by remaining in possession and continuing to pay rent would *ipso facto* have extended the lease and the assignee by the same acts brought about the same result. The privity of estate which existed between the assignee and the lessor when the first year expired, gave to the acts of the former the same legal effect as if such acts had been done by the lessee in the absence of an assignment. The act of continuing in posses-

sion and paying rent, operating through the option in the lease which then belonged to the assignee, resulted in an implied contract to extend the lease, and thenceforward there was privity of contract between the parties as well as privity of estate. The lessor by accepting the rent accruing after the expiration of the fixed term impliedly waived the notice required by the lease, and the assignee by remaining in possession and continuing to pay rent impliedly exercised the option to extend the term for the further period of two years. The result was not the creation of a new lease, but the continuance of an existing lease pursuant to the terms thereof. The subsequent assignment by the defendant to one of its employees and the abandonment of possession by it had no effect upon the contract, and the defendant continued liable for the rent by virtue of its implied covenant.

We think that from the mutual action of the parties, the one remaining in possession and paying the rent and the other consenting thereto by accepting the rent, a contract arose by implication of law binding upon both, which extended the lease for the period named in the option. The judgment should, therefore, be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and CULLEN, JJ., concur.

Judgment affirmed.