(85 App. Div. 564.)

CONGER et al. v. ENSLER et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. LANDLORD AND TENANT—EXPIRATION OF LEASE—CONTINUANCE OF POSSESSION BY TENANT—USE AND OCCUPATION.

A lease provided that on the expiration of the term, May 1, 1897, the landlord might renew it for another term of 10 years, or, at his option, pay to the owner of the lease the value of the dwelling house standing thereon the value to be mutually agreed on or fixed by arbitrators. The

landlord elected to terminate the lease. Thereupon the parties entered into negotiations with respect to the value of the house, but had been unable to agree when the lease expired. Thereafter, and in July, each appointed an arbitrator. The arbitrators met on November 8th, at which time the lessee refused to permit the arbitrator selected by him to proceed. *Held*, that from and after November 8th the lessee was liable to the landlord for the reasonable value of the use and occupation of the premises.

-2. SAME.
   From the date of the expiration of the lease up to November 8th, the lessee was only liable for the amount of rent fixed by the lease.

-3. SAME—AWARD TO TENANT FOR BUILDINGS—INTEREST ON AWARD.
   The lessee was entitled to interest on the amount awarded to him for the dwelling from and after November 8th, but not before.
   Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Clarence R. Conger, individually and as trustee, and others, against Hyman Ensler, impleaded with others, to obtain possession and recover the value of the use and occupation of certain premises after the expiration of the lease. From an interlocutory judgment awarding possession to plaintiff, the defendant named appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ..

Joseph Fettretch, for appellant.
Albert F. Hagar, for respondent.

HATCH, J. On or about the 14th day of September, 1886, the plaintiff, for himself and as trustee, made and executed a lease of the premises, the subject of this action, to one Israel Block, for the term of 10 years from the 1st day of May, 1887, to the 1st day of May, 1897, at the yearly rental of $400, payable quarterly. By subsequent mesne assignments the said lease became, and at the time of the commencement of this action was, the property of the defendant Ensler. The lease contained a provision that the plaintiff, his heirs, successors, or assigns, might at their election grant a renewal of the lease for a further term of 10 years at such annual rent as might be mutually agreed upon, or as may be equal to 5 per cent. on the value of the lot of ground demised, to be determined by arbitrators, or in the alternative, if the lease was not renewed, to pay to the owner of the lease the value of the dwelling house standing upon the premises demised, or of such other dwelling house of like description as might stand thereon in its stead, as might be mutually agreed upon or be determined by arbitrators. For the purpose of determining the value of the lot or the building, the lease provided that, in case the value thereof could not be agreed upon, each party should choose a disinterested person, specifying his qualifications, who was to determine the value thereof; and in the event that the said arbitrators, so chosen, were unable to agree, they were authorized to choose an umpire with like qualifications, whose decision therein would fix and determine the value to be paid; and that, in the event of an election not to renew the lease, the plaintiff, upon making payment or tender

of the value of the building, was entitled to enter into possession of the premises demised and of the dwelling house.

It appears from the averments of the complaint that the plaintiff elected to terminate the lease, and gave notice of such election to the defendant. It appears from the evidence that a verbal notice of such determination was given in January, 1897, and subsequently, and on or about the 13th day of April following, a written notice was served upon the defendant, giving notice of an election not to grant a further renewal of the lease, but to pay the value of the dwelling house, required to be paid in accordance with the terms of the lease. It further appeared that the parties had some negotiation with respect to the value of the dwelling house, but were unable to agree as to such value, and had not so agreed at the period of the expiration of the lease, and the negotiations were continued thereafter. In July, 1897, the parties being unable to agree as to the value to be paid for the dwelling house, each appointed an arbitrator pursuant to the provisions of the lease. These arbitrators met on the 8th day of November, 1897, for the purpose of signing the agreement of arbitration, taking the required oath and proceeding to a determination of the subject-matter. At this time the defendant, acting through his attorney, refused to permit the arbitrator selected by him to sign the agreement of arbitration, or take the oath, or proceed with the hearing. Upon this subject the court found: "That the failure to fix the amount due by arbitration was due to the unreasonable and wrongful refusal of the lessee to join in the arbitration." The evidence is abundantly sufficient to sustain this finding of the court, and the case is therefore to be disposed of upon the assumption that the defendant, by reason of his unreasonable and wrongful acts, defeated the method stipulated in the lease for the determination of the value of the building. It was the duty of each party to act in good faith in fulfillment of the covenant to arbitrate, and, the defendant having been guilty of the wrongful act in refusing to carry out the terms of the covenant, the plaintiff became absolved from proceeding thereunder, and his right to maintain this action thereby accrued. Uhrig v. Williamsburg City Fire Ins. Co., 101 N. Y. 362, 4 N. E. 745. The lease contemplated that the value of the building was to be determined prior to or coincident with the expiration of the term. Acting thereunder, the plaintiff gave notice that he elected to terminate the lease at the expiration of the term. When this notice was given, the defendant became bound to act fairly in having the value of the building appraised. If the parties could not agree upon the value of the building, then the duty devolved upon each to name an arbitrator, pursuant to the provisions of the lease. The failure, however, to agree upon the amount to be paid for the building, or to name arbitrators, did not have the effect of extending the term of the lease. That came to an end following the notice of election to terminate on the 1st day of May, 1897. Upon that date the defendant became entitled to payment for the building, if the same had been agreed upon or awarded by arbitrators, and the plaintiff became entitled to possession upon payment, or tender of payment, of the sum so agreed upon or awarded. It is evident that the rights of the parties became

fixed, so far as the relation of landlord and tenant was concerned,. under the lease on the 1st day of May, 1897. Thereafter the occupation of the defendant was not under the lease, but outside of it. The failure to agree upon, or to have awarded, the value of the building, did not extend the term provided for in the lease; nor did the plaintiff's failure to pay, or tender payment, operate to extend the term.. If the plaintiff had been at fault in failing to proceed to a determination. of the sum which he should pay as the value of the building, the. amount of rent with which the defendant would be chargeable by reason of his holding over would be the sum reserved in the lease. He would then be entitled to retain possession of the premises until the plaintiff performed the covenant, and would be liable for no more for use and occupation than the sum reserved in the lease. Van Beuren v. Wotherspoon, 164 N. Y. 368, 57 N. E. 633. The above case, however, recognizes that such rule has application only when the lessor is the person who has made default. Where the defendant disregards the terms of the covenant and fails to comply therewith, such rule does not obtain within the reasoning of that case. The holding over is then the product of the wrongful act of the defendant, and he becomes liable for the fair value of the use and occupation. In the present case the value of the building was fixed by the court at $6,000. This, therefore, was the sum which the defendant was entitled to receive on the date of the expiration of the term. Upon payment of this sum, the plaintiff would become entitled to immediate possession. That being denied to him through no fault of his, the defendant became liable to pay for the use and occupation, according to the fair value thereof.

On the 1st of May, when the lease terminated, the parties were engaged in negotiations as to the value of the building. Neither party at that time had appointed an arbitrator, nor had it been insisted upon by the plaintiff—beyond the notice of termination which he had given —that arbitrators should be appointed. When the parties failed to agree, it is disclosed that each party, acting under the lease, appointed an arbitrator. Up to this time it is not made to appear that either party was in default, or but that each was making an honest attempt to agree upon the value of the building. The wrongful act of the defendant occurred on the 8th day of November following, when he refused to permit his arbitrator to be sworn or to proceed with the arbitration. Had the parties agreed upon a sum as the value of the building on the 8th day of November, the defendant could not then legally have been charged for use and occupation at a greater sum than the amount of rental reserved in the lease, as it is not made to appear that he was guilty of any wrongful act prior thereto. Under these circumstances the court fixed the value of the building at $6,000, but denied the defendant any interest thereon. We think the denial of interest was erroneous. This sum the plaintiff was bound to pay, and the defendant was entitled to receive it, quite irrespective of his wrongful act. That neither added to nor did it take away from his right to be paid the value of the building at the expiration of the term; consequently, we think he should have been awarded interest upon such value. The plaintiff was not entitled to the value of the use

of the building unless he paid therefor, and as he has been awarded full value for the use and occupation of the premises—which included the value of the use of the building—interest should be allowed upon the sum awarded during the same period.

The court also charged the defendant with use and occupation at the rate of $1,500 per annum. So far as use and occupation was concerned, it is clear that this sum was properly awarded, as the defendant was in receipt of rents equaling that sum. The award, however, of this sum for use and occupation prior to the 8th day of November, 1897, cannot be supported. As we have already observed, between that date and the date of the termination of the lease the parties were engaged in negotiations respecting the value. Neither party had then been guilty of any wrong; consequently, the defendant ought not to be charged for that period more than the rent reserved in the lease, nor should he receive interest upon the award prior to that date. The award of interest upon the value of the building from that date, and the charge for rent, based upon use and occupation, exactly fix the respective rights of the parties in manner the same as they would have been adjusted had such conclusion been reached on the 1st day of May, 1897. The relations were only changed by the wrongful act of the defendant when he refused to proceed with the arbitration.

The judgment should therefore be modified by deducting from the value of the use and occupation the difference between the sum reserved in the lease and $1,500, the amount awarded from the termination of the lease to November 8, 1897, and by awarding to the defendant interest upon $6,000 from the 8th day of November, 1897; and, as so modified, the judgment should be affirmed, without costs of this appeal to either party.

O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. I think the judgment should be affirmed.