SCHUCK v. SCHWAB.

(Supreme Court, Appellate Term.    November 18, 1903.)

**1 LANDLORD AND TENANT—RENEWAL TERM—WRITTEN NOTICE—WAIVER.**
  Where a lease contained a provision for renewal for a term upon the tenant's written notice, and rent is accepted after the expiration of the original term, in accordance with the provisions for renewal, written notice by the tenant is waived, and he is entitled to hold for the balance of the renewal term.

---

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. § 273.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings by Albert M. Schuck, landlord, to recover possession of premises from Henry E. Schwab, tenant. From a final order in favor of the tenant, the landlord appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Peter Cook, for appellant.

Moses H. Grossman and Joseph Fischer, for respondent.

BISCHOFF, J. The lease of 1900 contained all the provisions essential to the renewal term for five years, and the tenant's written notice of an election to avail himself of the renewal was all that was contemplated to make the lease effective for the full period agreed. There was no written notice of the tenant's election to renew, but the undisputed facts in evidence suffice for the finding that the landlord accepted the tenant under the provisions for renewal, and waived the written notice. For the period prior to renewal the rent was fixed at $72.50 per month, while the renewal was to be at the rate of $75 per month, payable on the 15th day of each month, together with an annual charge of $10, fixed as the tenant's share of the water rates. At the end of the original period of the lease, May 1, 1901, the tenant paid $72.50 for a month's rent, but the landlord insisted that the rent was then $75 per month "for the balance of the time of your tenancy." Thereafter the tenant regularly paid $75 per month, agreeably to the renewal provisions, and was called by the landlord to pay the agreed share of the water rates "under the lease of the premises." These transactions were consistent only with an adoption of the renewal provisions, and imported an agreement consummated with a waiver of the notice of election to renew, as required by the lease, with the result that both parties were bound for the renewal period. Probst v. Rochester S. L. Co., 171 N. Y. 584, 64 N. E. 504; Long v. Stafford, 103 N. Y. 274, 8 N. E. 522. Upon the record, the justice was authorized to find that the tenant had entered into no express agreement at variance with or as a substitute for this written lease; and the final order in favor of the tenant, upon the ground that the tenancy had not expired, cannot be assailed.

Final order affirmed, with costs. All concur.