ALEXANDER DOYLE, Appellant, *v.* HAMILTON FISH CORPORATION, Respondent.

**Pleading — when allegations must be taken as true.**

Section 522 of the Code of Civil Procedure, which declares that each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer not controverted by the reply, where a reply is required, must for the purposes of the action be taken as true, has application only to allegations of *fact.*

(Submitted July 13, 1915; decided September 28, 1915.)

MOTION for re-argument.   (See 214 N. Y. 633.)

*Alexander Doyle,* plaintiff, in person, for the motion.

*John S. Montgomery* opposed.

WILLARD BARTLETT, Ch. J.   The history of this case up to the review of the first trial by the Appellate Division will be found in *Doyle* v. *Hamilton Fish Corporation* (144 App. Div. 131).   That review resulted in a reversal of the judgment against the plaintiff who was granted a new trial.   Upon this second trial the complaint was dismissed upon the merits and the defendant was awarded judgment against the plaintiff in the sum of $20.58, for the use and occupation of the demised premises under the old lease from November 1 to November 13, 1907.   The judgment was unanimously affirmed by the Appellate Division without opinion and the judgment of affirmance was similarly affirmed in this court on February 25, 1915.   The plaintiff now moves for a re-argument

It is earnestly insisted that we could not have affirmed the judgment without overlooking the alleged error of the trial judge in holding that there was a renewal of the lease between the parties, when the pleadings on both sides negatived any such renewal; and reference is made to section 522 of the Code of Civil Procedure which declares that each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer not controverted by the reply, where a reply is required, must for the purposes of the action be taken as true.

This rule, however, has application only to allegations of *fact*.

We have not been able to discover that the learned trial judge has made any finding of fact that is in conflict with any admission in the pleadings.

Assuming that his second conclusion of law is a finding of a renewal, it is simply a legal·inference based on findings of fact which we are bound to presume, under the unanimous affirmance rule, are sufficiently supported by the evidence in the case. Furthermore, this conclusion of law was not needed to sustain the judgment and hence, even if erroneous, may be disregarded as harmless surplusage. The facts found warranted the decision·of the trial court that the plaintiff could not maintain an action to recover the appraised value of the building, irrespective of what might be the legal relation of the parties *after* the 13th of November, 1907, and also established his liability to pay, as for the use and occupation of the premises, at the rate prescribed in the original lease, under the rule laid down in *Van Beuren* v. *Wotherspoon* (164 N. Y. 368).

In our consideration of the appeal we did not overlook the plaintiff's contention that both parties had pleaded that there was no renewal. Our view was and is that there was nothing in the *facts* pleaded or admitted to prevent the trial judge from finding the facts which he found; and that these findings of fact supported the judgment which he directed, whether the second con-

clusion of law (which the plaintiff regards as a finding of a renewal) was correct or not. Nor did the distinction which the plaintiff asserts between the facts of the present case and those in *Van Beuren* v. *Wotherspoon* (*supra*) escape our attention. It is true the cases are not precisely alike; but they are sufficiently analogous to render the same rule applicable in both, as to the measure of the tenant's liability for use and occupation pending negotiations relative to a renewal.

This litigation presents a regrettable controversy, beginning about small things, which has risen to serious proportions because neither party was willing to concede anything to the other. As the plaintiff, a layman, is his own counsel on this motion, we have taken more trouble than is usually deemed necessary to make it clear that no material point in the appellant's brief has been overlooked or misapprehended. If we erred in deciding the appeal, it was an error of judgment, not of neglect.

The motion for a re-argument must be denied, without costs.

CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Motion denied.