THE TRUSTEES AND ASSOCIATES OF THE BROOKLYN BENEVO-LENT SOCIETY, Respondents, *v.* WILLIAM F. CONNELL and JOHN HEICHEL, Appellants.

Second Department, October 11, 1917.

**Landlord and tenant — election of landlord to renew lease or to buy buildings upon premises — suit to recover possession without exercising election — counterclaim by tenant for value of building erected.**

Where a lease gave to the lessor a right to renew the same at the end of the term, or to take buildings erected on the premises at a price to be fixed by arbitration, and, without making such election, the lessor sues

the lessee who is in possession after the expiration of the term to recover possession, it was error to give judgment awarding possession to the lessor if there was no claim that the lessee violated any covenant during the term.

But the lessee's counterclaim for the value of the building was properly dismissed where no election by the lessor had been made and the counterclaim did not require the lessor to make an election.

APPEAL by the defendants, William F. Connell and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 20th day of September, 1916, upon the report of a referee appointed to hear and determine the issues.

*Walter E. Warner,* for the appellants.

*Patrick E. Callahan* [*Thomas G. Barry* with him on the brief], for the respondents.

STAPLETON, J.:

A lessor sued his lessee in an action to recover real property. The term of the lease had expired. The lessor had the right, under the lease, to elect, at its expiration, whether it would renew or take the building erected on the demised premises at a price to be fixed by arbitration. It made no election. The lessee continued in possession of the premises after the expiration of the term. The lessor brought the action to recover possession, alleging a violation of a covenant against subletting without the written consent of the lessor, and a violation of a covenant restricting the use to which the building could be put. There is no claim that any covenant was violated during the term of the lease. The acts complained of were committed, if at all, while the lessee was retaining possession awaiting the election of the lessor. The lessee counterclaimed for the value of the building, but made no counterclaim for judgment requiring the lessor to make its election. The counterclaim was dismissed, we think properly; a judgment awarding possession of the property to the lessor was entered, we think erroneously. (*Zorkowski* v. *Astor,* 156 N. Y. 393; *Cagger* v. *Lansing,* 64 id. 417; *Doyle* v. *Hamilton Fish Corporation,* 144 App. Div. 131. See, also, *Doyle* v. *Hamilton Fish Corporation,* 216 N. Y. 627; *Van Beuren*

v.: *Wotherspoon,* 164 id. 368; *Conger* v. *Ensler,* 85 App. Div. 564.)

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.