**MOIGER et al. v. JOHNSON.**

No. 10212.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 5, 1950.

Decided March 6, 1950.

Mr. Alvin L. Newmyer, Washington, D.C., with whom Messrs. Alvin L. Newmyer, Jr., and Milton Dunn, Washington, D.C., were on the brief, for appellants. Mr. David G. Bress, Washington, D.C., also entered an appearance for appellants.

Mr. George C. Gertman, Washington, D.C., with whom Mr. Joseph T. Sherier, Washington, D.C., was on the brief, for appellee.

Before WILBUR K. MILLER, PROCTOR and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

This appeal is from a judgment for specific performance of a contract to sell real estate arising out of an option to purchase contained in a lease by Anna Levinson Moiger, now deceased, (hereafter referred to as "lessor") succeeded by her devisee, Freda D. Kagan, appellant, to William F. Johnson, appellee.

The lease was for a term of twelve months, commencing October 15th, 1942,

at a rental of $65 for each month, payable in advance. The controversy centers about the following clauses:

"The right to purchase by lessee Premises 513 Morse St., at any time during this lease is hereby provided at a cost not exceeding Fifteen Thousand Dollars ($15,000.00).

"The lessor further agrees that an extension of this lease will be granted for a period of three years at a monthly rental of Seventy dollars per month."

The complaint alleges an extension of the original term and an effort to purchase in accordance with the aforegoing provisions.

◼ : We think specific performance was properly ordered. Contrary to the contentions of appellant, we agree with the trial court that the effect of the lessee's actions was to exercise his option to extend the term for three additional years. The lease itself required no notice from the lessee. In these circumstances some decisions take the view that a mere holding over beyond the original term operates to extend it. However that may be, appellee fairly indicated his purpose to extend the lease. At the end of the twelfth month he remained in possession and sent his check, payable to the lessor *for the increased rental of $70, with the marginal notation "for Rent 513—Morse as per Lease to Nov. 15—43."* [1] Subsequently two other checks with similar notations were sent. These checks were accepted and cashed by the lessor without any question or reservation. Monthly checks remitted for the original term of twelve months bore no such notations. The trial court found that the sending of those checks with the significant endorsement quoted above was clear evidence of the lessee's intention to extend. We think it could have meant nothing else to the lessor. Certainly not in view of her unqualified acceptance of the checks. Therefore, we hold that the original term was validly extended for the additional period of three years.

◼ We also agree with the conclusion of the trial judge that the legal effect of the extension was to continue all the terms of the lease in force. See Ardito v. Howell,

Del.Ch. 1947, 51 A.2d 859; Schaeffer v. Bilger, 1946, 186 Md. 1, 45 A.2d 775, 163 A.L.R. 706; Johnson v. Bates, 1940, 128 N.J.Eq. 183, 15 A.2d 642; Ackerman v. Loforese, 1930, 111 Conn. 700, 151 A. 159. See also 37 A.L.R. 1245; Schaeffer v. Bilger, 186 Md. 1, 45 A.2d 775, 163 A.L.R. 711.

◼ It follows that the option to purchase was carried forward into the extended term, unless vitiated, as appellant contended, by fraudulent deceit leading the lessor to believe that exercise of the privilege to purchase was limited to the original term. There was extensive and conflicting testimony upon that issue, resulting in a finding that there was no fraud, but that the lease was fairly procured. That finding is supported by substantial evidence. Therefore, it must stand. See Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

◼ Here, in argument, appellant abandons the contention that the lease was fraudulently procured. But it is argued that the evidence shows the agreement was executed by lessor under the mistaken belief that the purchase privilege was limited to one year, in contrast to the lessee's understanding that it would apply during the extension period. So, it is contended that as there was no meeting of minds upon this critical point, specific performance, as an equitable remedy resting within the sound discretion of the court, should not be decreed. However, this defense was not raised by the pleadings. It was only suggested by counsel to the trial court after the evidence was closed. There was no motion or request to amend the pleadings. Under these circumstances we think the court was well within its discretion in disregarding the suggestion. Rule 15, Federal Rules of Civil Procedure, does not justify such a casual shift of positions. At all events, in the absence of fraud or imposition by lessee in procuring the lease, the terms of the written instrument must prevail. Willard v. Tayloe, 1869, 8 Wall. 557, 75 U.S. 557, 19 L.Ed. 501; Merritt v. Kay, 1924, 54 App.D.C. 152, 295 F. 973; Cortelyou v. U. S. ex rel. Thorpe, 1908, 32 App.D.C. 20;

---

1. Italics supplied.

Washburn v. Gillespie, 8 Cir., 1920, 261 F. 41, certiorari denied 252 U.S. 587, 40 S.Ct. 396, 64 L.Ed. 729. Here, the findings of the court not only acquitted the lessee of fraud, but affirmatively found that the lease had been fairly obtained.

We conclude, therefore, that as the extension was valid and effective the option to purchase was subject to appellee's acceptance throughout the extended term. As his election to purchase was made within the three year period and no question arises concerning the manner of making it, and as he stands ready and willing to complete the purchase, we think that in equity and good conscience, appellant should be required to convey. Accordingly the judgment is affirmed.