George Y. WORTHINGTON, III, T/A
George Y. Worthington and Son,
Appellant,

v.

Harry SERKES, Appellee.

No. 1596.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 24, 1955.

Decided March 1, 1955.

John C. Poole, Washington, D. C., for appellant.

Jacob A. Stein, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, hereinafter called landlord, brought an action for possession of certain premises alleging that appellee, by continuing in possession after the expiration of his lease, had become a tenant by sufferance [1]

1. Code 1951, § 45–820.

and that despite proper notice to vacate, had failed to do so. In answer, tenant claimed that he had exercised an option in his lease for a renewal of the term. A jury trial was had and landlord appeals from an adverse verdict and judgment.

The pertinent facts are these: The lease was for a term of five years commencing May 1, 1949 at a monthly rental of $165.00 payable in advance. It also contained the following clause:

"The lessees are to have the option of re-newing this lease for an additional five year term, beginning May 1, 1954 and ending April 30, 1959, on the same terms and conditions as are outlined herein, provided they notify the lessor in writing of their intention of renewing the lease on or before March 1, 1954."

At trial a witness for landlord testified that he handled all matters pertaining to the property and that no written notice had been received from tenant indicating an exercise of the option for renewal. Tenant testified that in mailing his monthly rental check in the early part of January 1954, he enclosed therewith a written notice that he was exercising the option agreement for a renewal of the term. He further testified that instead of signing his name to the notice, he stamped it with a rubber stamp indicating his trade name, "Mt. Pleasant Sweet Shop"; that this rubber stamp was the same one used on all checks drawn by him, except that on checks, in addition to the stamp, he would add his signature.

▪ At the conclusion of the testimony both parties moved for a directed verdict which the court denied. The landlord assigns as error the denial of his motion. In support of his motion, the landlord argued that the notice exercising the option, if sent, did not meet the statutory requirements of a writing signed by the party to be charged therewith.[2] In essence, therefore,

the contention of the landlord is that the provisions of the statute of frauds should be applied in determining the sufficiency of the written notice required by the lease in order to exercise the option for renewal. This argument misconceives the significance and effect of the notice to exercise the option. The lessee does not hold for the renewal period under the notice, but rather under the terms and conditions set forth in the original lease, which is sufficient to meet the requirements of the statute of frauds. Where the extended term of the lease is fixed by and is part of the original written lease, and comes into existence merely by the lessee exercising his option and giving the required notice, no question as to the application of the statute of frauds arises.[3]

Therefore, the question is not whether the tenant signed the notice, but rather, whether it met the requirements of the option provision of the lease.[4]

The lease here was for a term of five years and included a renewal privilege for an additional term of five years. The lease did not specifically call for the execution of a new lease, but rather granted an option for renewal under the same terms and conditions as the original lease. The notice in question was not required by any statute, but only by virtue of a provision incorporated in the lease which was silent in regard to the method of service, the signing of it by the lessee or placing it under seal. The only requirement of the lease with which we are now concerned was that lessor be given written notice.

▪ The two conditions precedent to the exercise of the option were written notice and the transmittal of same on or before March 1, 1954. Tenant testified that he fulfilled these conditions, and the jury apparently found this to be the case. The transmittal of the written notice in the same envelope that bore the monthly rental payment could leave no doubt in the mind of

2. Code 1951, § 12–302.

3. 37 C.J.S., Frauds, Statute of, § 113; 49 Am.Jur., Statute of Frauds, § 192.

4. Warthen v. Lamas, D.C.Mun.App., 43 A. 2d 759.

the landlord as to its origin or the purpose intended in sending it.[5] Therefore, we hold that the check mailed to the landlord bearing the lessee's trade name, plus his signature, accompanied by the written notice bearing only the trade name, were so connected with each other that it may fairly be said to have been an adequate compliance with the provision of the lease which called for written notice in exercising the option.

Affirmed.

5. Moiger v. Johnson, 86 U.S.App.D.C. 219, 180 F.2d 777.