Edward M. O’Gorman, J.
This is an appeal from a judgment dismissing the plaintiff’s complaint and denying plaintiff’s motion for .summary judgment.
The facts, about which there is no dispute, are as follows. The plaintiff leased the first floor of premises owned by it in the City of Newburgh to the Holland Furnace Company, defendant, for use as an office, garage and warehouse. The lease provided for a base term of one year, to end on the 31st day of July, 1960, at a rental of $135 per month, payable on the first of each month in advance. The lease further provided for options on the part of the lessee to extend its lease on the premises for additional yearly periods at an increased rental of $150 per month. The lease provided that the lessee may exercise its option by giving to the lessor, in person or by mail, notice of 60 days ‘ ‘ before the expiration of said base or any .renewal of same then in effect”. No such notice was given. At the conclusion of the base period Holland tendered, and the landlord accepted, the increased rent called for by the lease in the event the tenant availed itself of its option to renew. Holland continued to make payments at the increased rate for a period of six months, when it ceased making further payments and abandoned the premises.
Holland claims it owes the landlord nothing further, and the landlord claims in this action rent for the six months remaining in the renewal period.
Unless there are other provisions of the basic lease between these parties which dictate a contrary result, on the above facts the only reasonable interpretation of the conduct of the parties is that, when Holland stayed on and paid the increased rent as called for by the lease for a renewal period, the parties were effecting a renewal of the lease at the increased rent. This reasonable view is further fortified by the rule of law of long standing as established in Long v. Stafford (103 N. Y. 274).
*421 The provision for a prior notice to the landlord, being for the landlord’s benefit, may be waived without prejudice to the tenant.
Holland, however, now urges that the following paragraph in the lease prevents this reasonable result and frustrates the rule of law which would normally be applicable thereto: “ It is expressly understood and agreed by and between the lessor and the lessee, that this lease shall expire in all events on the last day mentioned in the term of this lease and that no holding over by the lessee, whether with or without the knowledge of the lessor, shall be deemed to be or shall operate as a renewal of any part hereof, but that such holding over shall give the lessee only the rights of a tenant from day to day, and shall subject it only to the obligations of a tenant from day to day, and that the receipt and acceptance by the lessor of any rent beyond the term shall in no event entitle the lessee to hold possession longer than the period for which said moneys would pay rental at the rate fixed in the lease for rental for the last period before the end of the term, and it is further agreed that this lease shall not be amended, changed, altered or modified except by the written agreement of the lessor and the lessee signed by each.”
Holland argues that the “term of this lease” as used in this paragraph refers to the first portion of the lease, but does not include the contemplated renewal period. As thus viewed, the clause is claimed to eliminate the possibility of a renewal under the circumstances of this case, and instead limits the effect of the $150 installment payments to purchases of additional periods of occupancy at the rate of $4.50 per day.
Here again it can be demonstrated that the contentions of the tenant not only run contrary to the established rules of landlord-tenant law, but also to any common sense interpretation of this routine business agreement which was made by the parties.
Properly construed, the function of the above-quoted provision is to regulate the rights of the parties, in the event either that the lease is not renewed or after the expiration of any renewal that is made, and, in any event, after the fourth renewal permitted by the terms of the agreement. As so construed, it has a reasonable and proper place in the scheme of the lease. To construe it otherwise in order to frustrate the first renewal of this lease is to give to the word “ term ” contained therein a meaning which is not in accord with the rest of the lease, nor with the decided cases.
*422 As used in the paragraphs of this very lease entitled “Use of Premises”, “ Gfas and Electric Light”, “Fire Clause”, “Quiet Possession”, “ Forfeiture for Failure to Pay Rent” and “ Care of Property ”, the word “ term ” refers to the entire period, including base period and renewal, during which the parties stand in the relationship of landlord and tenant. In harmony with these clauses, the quoted clause should be given the same interpretation. That this is also the view taken by our courts is clearly illustrated in Matter of Harvey (Satter) (1947) (297 N. Y. 113, 117-118) in which Judge Fuld states: “ The tenant’s exercise of an option to extend the term accomplishes not a new lease but simply a prolongation of the original agreement for a further period; once the option is exercised, the original lease, it is settled, is deemed one for the entire term.” (See, also, New York Business Bldgs. Corp. v. McCutcheon & Co., 229 App. Div. 681, affd. 257 N. Y. 554; Horn & Hardart Co. v. 115 E. 14th St. Co., 7 N. Y. S. 2d 688, affd. 257 App. Div. 813, affd. 281 N. Y. 802.)
This clause in the lease, when properly construed, provides that after such date as there is no further option to renew, the tenant shall not be considered as a holdover tenant, but will merely have such rights as each payment of monthly rent will confer upon the tenant. Such a construction not only is in harmony with the entire lease, but it avoids the rather extraordinary result now claimed by the tenant that it was entitled to stay 33% days for each rent payment.
The only reasonable view which can be taken of the conduct of these parties is that they were renewing the lease according to its terms. It strains reason to conclude that parties engaged in a business transaction would have in mind that each payment of $150 was to buy time at the rate of $135 per month. Apart from the steadily mounting difficulties of calculation which six months of such payments would have created, this view is repudiated by the -conduct of the parties showing that the $150 rental was paid regularly in 30-day intervals.
Thus the parties themselves have rejected this view, when the tenant freely offered, and the landlord accepted, the rent every 30 days instead of every 33% days.
The tenant further argues that the lease could not be amended or otherwise modified except by written agreement of the lessor and the lessee, as provided in the printed terms of the contract. This language does not affect the construction which should be given to the written clauses in the agreement, and does not prevent a waiver of a provision for notice in favor of the party *423 waiving it. The parties in this case are not modifying the lease, but each side i& insisting on the enforcement of its provisions.
Even assuming that there was some ambiguity as between the preprinted clause and the typed clause, the special agreement of the parties which was added should be given substantial weight. In this connection, it should also be borne in mind that the printed form of the lease was that of the tenant, and that language therein, all things being equal, should be construed with that in mind.
I am of the opinion that the parties, by their conduct, effectively renewed their lease for the additional period of one year at a rental of $150 per month. I find that the tenant has breached the lease, and that the landlord is entitled to rental for the unexpired balance of the renewed term at the rate of $150 per month.
The judgment of the City Court dismissing the plaintiff’s complaint is hereby reversed on the law, and the motion of the plaintiff for summary judgment in the sum of $900 is hereby granted.