Eugene F. BRINKLEY, Appellant,

v.

Carl E. SCHEFFEL et al., Appellees.

No. 3192.

District of Columbia Court of Appeals.

Argued April 1, 1963.

Decided April 25, 1963.

Melville W. Feldman, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

In this action for possession of commercial property the owners introduced evidence to the effect that the tenant was holding over after his lease had expired, and had become a tenant at sufferance.[1] Tenant defended on the ground that after the lease expired on April 1, 1960, it had been extended for an additional ten years. There was considerable evidence as to chain of title, tenant's defaults in payments, and other matters, but it is clear that as the case developed in the trial court the ultimate issue was whether tenant had become entitled to a new ten-year lease. That issue was decided in favor of plaintiff-owners.

The lease contained a provision giving the tenant "the privilege of leasing for an additional ten years under the same terms. * * *" It did not spell out what steps the lessee was required to take in order to exercise that privilege or acquire a new lease.

In Warthen v. Lamas, D.C.Mun.App., 43 A.2d 759, we said that when no specific form of notification is required, a tenant wishing to exercise a privilege of renewal may do so in writing, orally, or by affirmative act "sufficiently evidencing his purpose." But we made it plain that such act or acts must "definitely impart notice" to the lessor that the lessee was exercising his option to renew, and that such notice must indicate an unconditional and unqualified determination of the lessee to obtain an extended term, obligating himself as well as the lessor.

In this case there was no attempt to prove any act or acts by the lessee manifesting an election to renew or extend the lease. During lessee's testimony he did

1. Code 1961, § 45–820.

not even mention the subject. Consequently the trial judge was right in holding that the "option provision" had not been exercised and that there had been no conduct creating a renewal of the lease. Appellant refers to statements made by an agent of the antecedent owners, referring to a lease. These statements were not such as to bind either party. Moreover, they were made some seven months after the lease had expired and the lessee had become a tenant at sufferance.

Affirmed.