**H. H. ROSIN CO., Plaintiff Below, Appellant,**

v.

**I. Favel CHAVIN, Defendant Below, Appellee.**

Supreme Court of Delaware.

Sept. 5, 1969.

William J. Wier, Jr., of Connolly, Bove & Lodge, Wilmington, for plaintiff below, appellant.

Harvey Porter, Wilmington, for defendant below, appellee.

WOLCOTT, Chief Justice, CAREY, Justice, and DUFFY, Chancellor, sitting.

CAREY, Justice.

From an adverse decision of the Superior Court, H. H. Rosin Co. (landlord), plaintiff below, has appealed. The appellee is I. Favel Chavin (tenant), defendant below.

Tenant leased a property in Wilmington from landlord for a period of two years, commencing July 15, 1962 for a gross rental of $3840.00, payable in advance in monthly installments of $160.00. The lease gave tenant an option to renew for an additional three-year period, "provided that three (3) months prior written notice * * * is given" by tenant to landlord, expressing his desire to renew. The renewal would be under the same terms and conditions, except for the amount of rent, which was to be a gross sum of $6300.00, payable in advance in monthly installments of $175.00. The original period expired without tenant

having given any notice of renewal,[1] but he continued in possession and paid the increased rental installments as set forth in the option clause until January 15, 1967, when he vacated the premises after having given one month's prior notice of his intention to do so. He then refused to pay further rent.

Landlord brought this action to recover rent for the balance of the three-year renewal period, contending that by continuing in possession and paying the higher rentals called for in the contract, tenant showed his desire to exercise the option despite his failure to give notice thereof; and that landlord waived the notice requirement. Lessee's defense is that the option was never exercised because he did not give the notice required by the lease for that purpose, and that after the expiration of the original term, his tenancy was by the month, terminable upon one-month's written notice, pursuant to Title 25, § 5104. This section reads as follows:

"If there is a lease or demise for a term of one or more years, and three months, or upwards, before the end of the term, either the landlord does not give notice in writing to the tenant in possession to remove, or the tenant does not give like notice to the landlord of his intention to remove from the demised premises, the lease shall be extended, and after the end of the term, unless the lease provides otherwise, it shall be a lease by the month, for which the tenant shall pay the rent, and all the stipulations of the lease shall continue in force, except those specifying the length of time of the notice required to terminate the same * * *."

Both parties filed affidavits and moved for summary judgment. The affidavits filed by landlord show that it considered at all times that the option had been exercised. The tenant's affidavit shows that he did not intend to renew and believed that he was a tenant by the month after July 15, 1964. He explains the payment of the higher rental by his belief that, if he stayed in possession after the original period, he was obliged to pay the higher figure for the duration of his occupancy.

The issue presented is whether the option was or was not in fact exercised.

As was pointed out in Trader v. Jester, 1 Terry 66, 1 A.2d 609, the purpose of the statute quoted above is "to establish by law the rights and obligations of parties with respect to leases of land, where the parties themselves, through ignorance or inadvertence, had not expressly agreed." Clearly, nothing in the Act bars parties from agreeing upon different terms than the statute itself contains or from waiving its provisions. Hirzel v. Silker, 4 W.W.Harr. 588, 156 A. 360. Despite some cases to the contrary (see 32 Am.Jur., § 982 and § 983), we will assume that, if tenant had simply remained in possession after the expiration of the original term, and had continued to pay the original rent, the statute would apply. The problem thus presented arises because tenant paid the increased rental. The Court below was of the opinion that this fact was insufficient to justify a ruling that, as a matter of law, the option was in fact exercised. Its denial of landlord's motion for summary judgment was based largely upon the belief that a holding-over plus payment of the higher rental do not give rise to a conclusive presumption when it may be true that the parties actually intended the opposite result. At the same time, in refusing tenant's motion for summary judgment, it recognized the difficulty of reconciling the payment of higher rents with the statutory provision that "all the stipulations of the lease shall continue in force." It concluded that the question was one of fact and that the burden was upon the plaintiff to prove an election to renew. Counsel then stipulated that the Court should decide the case on the record which had been made. Thereafter, pointing out that the only issue was the ultimate factual inference to be drawn from the basic facts,

---

1. Neither party gave notice of termination.

the Court held that landlord had not met its burden of proof and entered a judgment for tenant. See 246 A.2d 921.

The parties agree that there is no dispute concerning the events which took place, and that there is no problem of credibility. Landlord thought that the option was exercised; tenant thought it was not. Our function is, therefore, to determine the propriety of the Court's ultimate conclusion. duPont v. duPont, Del., 216 A.2d 674.

 We are of the opinion that the record requires a judgment for the landlord. The statute provides that a holding-over after expiration of a lease is by the month, and is under the same terms and conditions as the original lease, unless the parties agree otherwise. Here, nothing was *said* by either party to show their intent at the time the holding-over began; in our opinion, however, the tenant's *acts* indicated, and were reasonably interpreted by the landlord as demonstrating, an offer to renew despite the lack of prior written notice. That provision was solely for landlord's benefit, and it had the right to waive that omission. It did so, according to its affidavit. The unconditional payment of the higher rental, without any explanation or reservation made known to the landlord, is not consistent with the provisions of the statute and justified landlord in inferring tenant's desire to renew. Landlord then had the privilege of agreeing or disagreeing; by accepting the payments without objection, it waived the lack of prior notice and acceded to tenant's implied desire. The lease was accordingly renewed or extended [2] pursuant to the option. Our conclusion finds support in nearly every authority which has come to our attention. Carhart v. White Mantel & Tile Co., 122 Tenn. 455, 123 S.W. 747; Corthouts v. Conn. Fire Safety Services Corp., 2 Conn. Cir. 34, 193 A.2d 909; Coulter v. Capital Finance Company, 266 N.C. 214, 146 S.E.2d 97; Long v. Stafford, 103 N.Y. 274, 8 N.E.

522; Stone v. St. Louis Stamping Co., 155 Mass. 267, 29 N.E. 623; 51C C.J.S. Landlord and Tenant § 77, p. 226. We are unable to accept the proposition that the rule is different when it is the landlord who sues as was apparently held in Johnson v. Mary Oliver Candy Shops, Inc., 116 Conn. 86, 163 A. 606. As the trial Court said, the question of renewal cannot depend upon who sues.

For the foregoing reasons, the judgment below will be reversed.

---

2. We presently ignore any distinction between "extension" and "renewal." Cf. 32 Am.Jur. § 982.