**Peter J. HARRIS, Appellant,**

v.

**Samuel Theodore GINDES, Appellee.**

**No. 5004.**

District of Columbia Court of Appeals.

Argued Feb. 25, 1970.

Decided May 22, 1970.

Harry A. Calevas, Washington, D. C., for appellant.

Carl P. Fogel, Washington, D. C., with whom Samuel H. Suls, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge:

Appellant (hereafter called the landlord) rented a store to appellee (hereafter called the tenant) for a term of 2 years at a rental of $2400.00 per year, payable in monthly installments of $200.00. The lease provided that the tenant should have "a two year option at $2700.00 per annum". At the end of the original 2-year term the tenant continued in possession, paying $225.00 per month. About 10 months later the tenant vacated the premises and ceased paying rent. Claiming that the tenant had exercised his option to renew the lease for a 2-year term, the landlord brought this action to recover the rent for the balance of the term.

█ At the close of the appellant's case the trial court, relying upon two decisions of this court,[1] ruled that since the tenant had given no notice of his intention to exercise the option, he did not bind himself for the additional 2 years, but held over only as a tenant by sufferance.[2]

In both Brinkley v. Scheffel, D.C.App., 190 A.2d 262 (1963), and Warthen v. Lamas, D.C.Mun.App., 43 A.2d 759 (1945), the option was for an additional term at the same rental, and as a holding over and paying the same rent was as consistent with a tenancy by sufferance as with an exercise of the option, we ruled there was no exercise of the option in the absence of some affirmative act by the tenant indicating an intention or election to exercise the option. The case here is quite different. When the term expired, the tenant affirmatively indicated his intent to exercise the option by remaining in possession and paying the increased rent required by the option.

█ Even if the tenant were required to give some form of notice, which the lease here did not require, of his intention prior to or concurrent with the expiration of the original term, such notice would be for the landlord's benefit and could be waived by him. By accepting the increased rental the landlord waived any notice to which he might have been entitled and both he and the tenant were obligated for the renewal term.[3]

On the evidence presented by the landlord (and that was the only evidence before the court) it was error to rule against him.

Reversed with instructions to grant a new trial.

1. Brinkley v. Scheffel, D.C.App., 190 A.2d 262 (1963), and Warthen v. Lamas, D.C. Mun.App., 43 A.2d 759 (1945).

2. D.C.Code 1967, § 45–820.

3. H. H. Rosin Co. v. Chavin, Del.Supr., 257 A.2d 228 (1969) ; I. B. Realty Corp. v. Holland Furnace Co., 33 Misc.2d 419, 226 N.Y.S.2d 993 (1962) ; Long v. Stafford, 103 N.Y. 274, 8 N.E. 522 (1886) ; Coulter v. Capitol Finance Co., 266 N.C. 214, 146 S.E.2d 97 (1966); Carhart v. White Mantel & Tile Co., 122 Tenn. 455, 123 S.W. 747 (1909). *See also* Moiger v. Johnson, 86 U.S.App.D.C. 219, 180 F.2d 777 (1950).