Herbert COPELAND, Appellant,

v.

Shirley COHEN, et al., Appellees.

No. 04–CV–33.

District of Columbia Court of Appeals.

Submitted May 3, 2006.

Decided July 20, 2006.

Lucy R. Edwards was on the brief for appellant.

Before FARRELL, KRAMER and FISHER, Associate Judges.

KRAMER, Associate Judge:

Herbert Copeland appeals from the trial court's order granting summary judgment to the appellees on his breach of contract

claim.[1] The trial court found that Mr. Copeland failed to present sufficient evidence to demonstrate a genuine issue of material fact. We agree with Mr. Copeland that the record contains sufficient evidence to establish triable issues of fact. Therefore, we reverse the order of the trial court and remand the case for trial.

## I.

On April 1, 1998, the parties entered into a lease for commercial property ("Lease") located at 1906 14th Street, N.W. The Lease contained an option clause granting the tenant, Mr. Copeland, the option to purchase the property during the initial term of the Lease by "notify[ing] Landlord of same in writing and [ ], concurrent with said notice, remit[ting] to Landlord a non-refundable earnest money deposit of seventy five hundred dollars ($7,500.00)." The Lease expired at 11:59 p.m. on March 31, 2001.

On March 28, 2003, Mr. Copeland filed his *pro se* Complaint in Superior Court alleging that the appellees breached the Lease by not selling him the leased property. The appellees filed their Answer on May 5 and on June 10, 2003, filed a motion for summary judgment. In that motion, they asserted that Mr. Copeland "did not send written notice and the deposit check to the Defendants until April 28, 2001." They submitted an affidavit to that effect along with a written notice and bank check from Mr. Copeland dated after the Lease expired in support of this claim. The appellees argued that the language of the option clause in the Lease clearly dictated

that Mr. Copeland's April 28, 2001 exercise of his option was untimely.

On October 17, 2003, Mr. Copeland, now represented by counsel, filed an opposition to the appellees' motion. Mr. Copeland claimed that he did, in fact, attempt to exercise his option to purchase the leased premises before the Lease expired, but that the appellees and their agents refused to accept the written notice and deposit that he tendered to them on multiple occasions. In support of his claims, Mr. Copeland submitted several documents. First, in his own affidavit, Mr. Copeland averred, *inter alia,* that during the term of the lease he would "deliver hand written notices of my intention to exercise my option to purchase the property, concurrent with the money orders in the amount of $7,500.00 pursuant to the terms and conditions of the contract," but that the appellees, through their agent Mr. Bernstein, "would personally provide [him] with a number of excuses on behalf of the owners, such as, they were not ready, they needed a little more time, they would get back to [him], he would discuss it with the owners, etc." Second, Mr. Copeland supplied the affidavit of Rosetta Bonner, stating that she "accompan[ied] Mr. Herbert Copeland on several attempts and follow-up of right to purchase property known as 1906 14th St. N.W. Wash. D.C. prior to April 2001 . . . ." Third, an affidavit from another witness, whose signature appears to read Meldon J. Mitchell, Jr., essentially corroborated Ms. Bonner's statement.[2] Finally, Mr. Copeland provided a copy of a money order that he allegedly tried to render to the appellees before the Lease

---

1. The appellees did not file a brief in this case. Therefore, we review this matter on the appellant's brief alone.

2. While the trial court's order granting the motion for summary judgment makes reference to the affidavits of Ms. Bonner and Mr. Mitchell, it makes no reference to Mr. Copeland's affidavit that was filed at the same time.

expired as part of his deposit for the purchase of the property.

On October 28, 2003, the trial court granted the appellees' motion for summary judgment. The trial court ruled that the option clause was unambiguous and found that Mr. Copeland had not presented sufficient evidence to establish a genuine issue of material fact. The court reasoned that Mr. Copeland "neither presents any evidence of a written document notifying the Landlord of his intention to purchase nor a check drawn to pay the earnest money deposit. The only letter and deposit check in the record before the Court is [Mr. Copeland's] April 28, 2001 letter and earnest deposit check bearing the date April 27, 2001." [3]

## II.

■ "Summary judgment is ... appropriate only when there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law." *Willis v. Cheek,* 387 A.2d 716, 719 (D.C.1978). We review the trial court's grant of summary judgment *de novo,* making our own independent inquiry to determine whether the trial court correctly concluded that the movant was entitled to judgment. *Stevens v. United General Title Ins. Co.,* 801 A.2d 61, 65 (D.C. 2002). "Any doubt as to whether or not an issue of fact has been raised is sufficient to preclude a grant of summary judgment." *McCoy v. Quadrangle Dev. Corp.,* 470 A.2d 1256, 1259 (D.C.1983) (citing *Washington Post Co. v. Keogh,* 125 U.S.App. D.C. 32, 34, 365 F.2d 965, 967 (1966), *cert. denied,* 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967)).

■ If there is a genuine issue of material fact as to whether Mr. Copeland attempted to exercise his option to purchase in a timely fashion and was thwarted by the appellees, he had a right to have that issue resolved at trial. *See, e.g., Minmar Builders, Inc. v. Beltway Excavators, Inc.,* 246 A.2d 784, 787 (D.C.1968) ("There is no doubt that hindrance or prevention of performance constitutes a breach of contract, absent a provision expressly contemplating such hindrance or prevention.... 'It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance ... he cannot take advantage of the failure.' ") (quoting *Horlick v. Wright,* 104 A.2d 825, 827 (D.C.1954)). Thus, the question before us is whether the evidence proffered by Mr. Copeland in his opposition to the motion for summary judgment is sufficient to create an issue of material fact. We conclude that it is.

■ Mr. Copeland's affidavit states that he attempted to exercise his purchase option in writing and with the proper deposit before the Lease expired. This is in direct contrast with the appellees' position. Mr. Copeland's failure to produce a written document dated before the expiration of the Lease exercising his option is not a sufficient basis for an award of summary judgment to the appellees.[4] While the ab-

---

3. On November 14, 2003, Mr. Copeland attempted to amend his Complaint to add a fraud claim. The trial court denied the motion as moot and we see no abuse of discretion in that decision. Therefore, we do not consider Mr. Copeland's arguments regarding the merits of his fraud claim on appeal. Given our disposition of this matter, however, permission to file an amended complaint *might* be appropriate.

4. The trial court did not invoke the statute of frauds in its analysis. While the appellees listed the statute of frauds as an affirmative defense in their Answer, they advanced no arguments invoking that doctrine in their motion for summary judgment, and they have not filed a brief on appeal. Therefore, assuming such an argument could be advanced, it has been waived. *See Hackney v. Morelite Constr. Co.,* 418 A.2d 1062, 1066 (D.C.1980).

sence of such evidence might be weighed in determining Mr. Copeland's credibility at trial, his affidavit—which is, at least in part, corroborated by two witnesses—is sufficient to create an issue of material fact requiring a trial. *See O'Malley v. Chevy Chase Bank,* 766 A.2d 964, 973–74 (D.C.2001) (reversing the trial court's award of summary judgment against a debtor in light of his affidavit stating that he "requested reinstatement figures and reinstatement and was in a position to reinstate prior to the January 3, 1996 foreclosure sale from the Defendant, [but the appellee] refused [ ], saying 'the Bank will not do that at this time' ").

Our precedents preclude summary judgment if there is any doubt as to whether the nonmoving party has raised a genuine issue of material fact. *E.g. McCoy, supra,* 470 A.2d at 1259. The evidence submitted by Mr. Copeland with his opposition to summary judgment creates a doubt as to whether the appellee's account of events is complete. This doubt must be resolved by the trier of fact. For the foregoing reasons, the trial court's award of summary judgment is reversed, and the case is remanded for trial.

*Reversed and remanded.*

---

In any event, the record here suggests that parol evidence might well have been admissible to prove the content and existence of a writing exercising Mr. Copeland's option within the term of the Lease. *See Mark Keshishian & Sons, Inc. v. Washington Square, Inc.,* 414 A.2d 834, 840 (D.C.1980); *see also Worthington v. Serkes,* 111 A.2d 877, 878 (D.C.1955).