OPINION OF THE COURT
Steven Z. Mostofsky, J.
The parties signed a lease on June 1, 2011 for a basement area at 220 Ingraham Street, in Brooklyn. The lease contained an option that permitted the respondent to renew the lease at a higher rent, on condition it met the original lease obligations.
The petitioner filed this commercial holdover proceeding in November 2014. The court granted respondent permission to serve a late answer by January 16, 2015. It served the answer with affirmative defenses on that date. Respondent subsequently served an amended answer with affirmative defenses and counterclaims dated January 30, 2015.
The petitioner moves for summary judgment and asks the court to strike the answer, affirmative defenses, and the amended answer, its affirmative defenses and counterclaims.
On January 12, 2015, Hon. Katherine Levine granted respondent leave to file an answer by January 16, 2015. Respondent’s affidavit of service states it was mailed on that date. Petitioner claims it was late because it was postmarked on January 17, 2015. When, however, an affidavit of service and postmark conflict, the affidavit of service indicating when the item was mailed supersedes the postmark. (CPLR 2103.)
The court grants petitioner’s motion to strike the amended answer. The respondent required the court’s permission to serve a late answer. That already required petitioner to wait for the late answer and it delayed the proceeding. If respondent filed the answer on time it would still need the court’s permission to serve an amended answer. (Smith v Maya, 1999 WL 1037917 [App Term, 2d Dept, July 23, 1999, No. 98-770-KC].) Here, the case was already delayed so that respondent could serve a late answer. To require its response to an amended answer would delay the case further and prejudice the petitioner. The petitioner may rely on the court’s order and proper procedure.
The petitioner’s motion for summary judgment is granted and respondent’s cross motion for summary judgment granted only on the third affirmative defense. Joseph Woolridge was *269 not a party to the lease or a proper respondent. Respondent’s cross motion is otherwise denied.
Respondent leased the basement area in 220 Ingraham Street, Brooklyn, from June 1, 2011 to May 30, 2014. The rent for June 1, 2014 to June 30, 2014 did not increase. But, if renewed, starting July 1, 2014 the rent increased to $662.23 per month.
The rider included a rent renewal increase clause. It also required that respondent pay petitioner $150 per month for electricity. That is a flat fee that can increase only if the landlord determined the tenant’s monthly electric use exceeded $150. The electricity payments are not additional rent but are required monthly payments under the lease.
The petitioner claimed it orally notified respondent it would renew the lease. The respondent claimed it orally renewed the lease with the landlord’s representative. This might raise an issue of fact but any issues are resolved by respondent’s papers and its actions.
Respondent appears to admit it did not comply with the renewal terms. Respondent, as a cotenant, had a lease with a renewal option for the third floor of the premises. The Golden affirmation (para 6), submitted by respondent, claimed when the petitioner accepted the higher renewal rent for the third floor that payment also renewed the basement lease. This claim acknowledges that the increased rent was paid only for the third floor to renew a different lease that does not affect this case.
Further, the basement lease required the tenant to meet requirements for renewal. Specifically, it had to fully comply with the original lease but the lease qualified that by stating, “then tenant has an option to extend the lease for the following terms.” (Emphasis added.)
They were: a rent increase as to $662.23 per month starting July 1, 2014 plus the continued $150 electric payment. To renew the basement lease the respondent had to comply with the original lease and comply with the renewal terms.
The tenant paid the original lease’s rent and electricity in July, August and September 2014. Each payment was made at month’s end. The payments did not include the increase and were late. The petitioner did not delay. It served a notice to vacate in September 2014 and commenced this action in November 2014.
*270 When the parties appeared in court, Hon. Ingrid Joseph ordered respondent to pay use and occupancy for December 2014 and January 2015. The check it submitted to show compliance is dated December but has a notation that indicated the check covers a November payment. Respondent did not renew the lease or pay the amount ordered by the court.
This case is distinguishable from those that permit a tenant to adopt any reasonable method at the end of the lease term to indicate renewal. (Brooks v Elabed, 7 Misc 3d 132[A], 2005 NY Slip Op 50624[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005].) In Brooks, the tenants remained in possession, but paid the increased renewal rent, which the landlord accepted. (See also I.B. Realty Corp. v Holland Furnace Co., 33 Misc 2d 419, 420 [Orange County Ct 1962].)
In Probst v Rochester Steam Laundry Co. (171 NY 584, 588 [1902]), the tenant remained in possession without giving written notice as required and “paid the rent every week as it fell due for the period of four months.” Here, the respondent’s first three “renewal” payments were late and the payments were not for the renewal option amount. The petitioner did not ignore the lease expiration. It proceeded in September 2014.
The court also considered and rejected the respondent’s equitable claim. Respondent stated it made $100,000 of improvements to the basement. For proof, it submitted checks totaling $13,228.81 but did not relate these payments to basement improvements. The amount paid for the included bills was legible but not the portion that listed the services provided. Lacking financial proof, respondent might have offered photographic evidence of the improvements, but did not. The respondent failed to prove an equitable right to remain in possession.
Petitioner’s motion for summary judgment is granted and respondent’s cross motion is granted only as to the third affirmative defense.
Judgment of possession to petitioner 220 Ingraham LLC against all respondents. Warrant of eviction to issue forthwith, execution stayed until May 15, 2015.