Eastwood Mall Associates, Ltd., (hereinafter "Eastwood") and James W. Wilson, Jr., appeal from a final judgment permanently enjoining them from relying upon Ala. Code 1975, § 35-4-6, as a basis for attempting to evict All American Bowling Corporation and T.P. Crockmier's, Inc. (hereinafter collectively "All American") from certain leased premises. We affirm.
This case involves the construction of a lease agreement dated February 19, 1968, between J.R. Waters as landlord and Bowling Corporation of America as tenant for a certain area in the Eastwood Mall shopping center in Birmingham, Alabama. Bowling Corporation of America changed its name to All American Bowling Corporation. All American subleased a part of the leased premises to its wholly owned subsidiary, T.P. Crockmier's, Inc.
The lease between Waters and All American was for a term of 20 years, beginning on September 1, 1960, and ending on August 31, 1980. All American was given an option to extend the original term of the lease for two further terms of 10 years each.
Prior to the expiration of the original term of the lease, Alabama Farm Bureau Mutual Casualty Insurance Company ("Farm Bureau") acquired the Eastwood Mall property and, thus, became the landlord. On August 24, 1979, All American notified an agent for Farm Bureau that All American intended to renew the lease for the additional term of 10 years. In December 1979, Farm Bureau and All American executed an agreement to extend the lease for a term of 10 years beginning on September 1, 1980, and ending on August 31, 1990. The agreement stated that it was made in consideration of the mutual promises of the parties and was an exercise of the first of two 10-year renewal options contained in the original lease.
In August 1984, Farm Bureau sold the Eastwood Mall property to defendant Eastwood Mall Associates, Ltd., an Alabama limited partnership in which defendant James W. Wilson, Jr., is a general partner. As a part of this transaction, Farm Bureau assigned to Eastwood all of the mall leases, "together with any and all extensions and renewals of any thereof."
At the time of the above transaction, the extension agreement between Farm Bureau and All American had been in effect for four years. After the purchase of the property, Eastwood and Wilson continued to accept rental payments from All American until June 18, 1986, a period of almost two years. In June 1986, Eastwood and Wilson informed All American that the lease became void as of September 1, 1980, under Ala. Code 1975, §35-4-6, because the term of the lease exceeded 20 years and the lease had not been recorded within one year of its execution.
On July 10, 1986, All American filed a complaint seeking declaratory and injunctive relief. Eastwood and Wilson filed a counterclaim seeking relief for unlawful detention of the premises. All American amended its complaint to add counts for breach of the covenant of quiet enjoyment, constructive eviction by failure to repair a leaking roof, and fraud for failure of Eastwood *Page 46 
and Wilson to disclose that they had intended to avoid the lease when they purchased the property. On September 24, 1986, the trial court granted a partial summary judgment. The trial court concluded that § 35-4-6 did not render void the 10-year term created by exercise of the first option or the option to renew the lease for an additional 10-year term. The trial court also dismissed the counts for constructive eviction and fraud. Thus, the only remaining issue was whether Eastwood and Wilson had breached the lease by failing to repair a leaking roof.
In October 1986, Eastwood and Wilson filed a motion for certification of the September 24 order as a final judgment under Rule 54(b), A.R.Civ.P., and a motion to alter, amend, or vacate the September 24 order. On October 28, 1986, the trial court entered a final judgment wherein it refused to alter the result of the original order, and dismissed the claim for failure to repair a leaking roof because that issue had been resolved between the parties.
Eastwood and Wilson rely upon Ala. Code 1975, § 35-4-6, which provides as follows:
 "No leasehold estate can be created for a longer term than 99 years. Leases for more than 20 years shall be void for the excess over said period unless acknowledged or approved as required by law in conveyances of real estate and recorded within one year after execution in the office of the judge of probate in the county in which the property leased is situated."
The original lease in the instant case must be considered one for 40 years for purposes of § 35-4-6, because the two 10-year options must be added to the initial term of the lease.Tennessee C.I. R.R. Co. v. Pratt Consolidated Coal Co.,156 Ala. 446, 47 So. 337 (1908). Accordingly, the excess of the term over 20 years is void. However, the trial court found that the parties to the lease had entered into a new lease agreement following the end of the initial 20-year term. The trial court found that Farm Bureau was not under any obligation to treat the original lease as in effect beyond the initial 20 years because the lease had not been recorded as required by §35-4-6. Nevertheless, the trial court found that Farm Bureau entered into an agreement with All American extending the lease for a term of 10 years with an option for an additional 10 years. The trial court further found that Eastwood and Wilson should be estopped from asserting that the lease is void because, after assignment of the lease, they accepted payments of rent for approximately two years.
The plain purpose of § 35-4-6 is to provide notice to innocent purchasers of property who otherwise might purchase property and then discover an unrecorded lease on the property that deprives them of the benefits of ownership for up to 99 years. See Harco Drug, Inc. v. Notsla, Inc., 382 So.2d 1 (Ala. 1980). In the instant case, Eastwood and Wilson had actual notice of the lease and its terms; thus, the purpose of §35-4-6 was satisfied and they should not be permitted to use this statute to the detriment of All American.
Eastwood and Wilson argue that the doctrine of estoppel cannot be invoked to uphold an agreement that is void. They cite cases wherein agreements were held void because the Statute of Frauds had been violated and wherein estoppel was therefore not allowed as a defense. However, this Court has held that estoppel may be applicable to prevent the assertion of a defense that an agreement is void if the promisor has accepted the benefits of the agreement and the promisee has fully performed. Dean v. Myers, 466 So.2d 952 (Ala. 1985). In the instant case, Eastwood and Wilson accepted the rental payments for approximately two years, and it appears from the record that All American fully performed all of its obligations under the lease. Accordingly, we hold that estoppel applies in this case.
Based upon the determination that Farm Bureau and All American entered into a new lease agreement, coupled with Eastwood and Wilson's acceptance of rental payments under the lease, the judgment of the trial court is affirmed.
AFFIRMED. *Page 47 
JONES, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., concurs in the result.