The plaintiffs, Helen Brickman, Henrietta Nix, Judy Berneske, and Gary Berneske, appeal from a summary judgment for the *Page 425 
defendants, Walter Schoel Engineering Company, Inc. ("Walter Schoel"), and E. Wayne Sullivan, in this action to recover damages for the negligent design and inspection of a water drainage system. We affirm.
The plaintiffs are homeowners in a subdivision in the City of Vestavia Hills. Walter Schoel, a private engineering firm, was hired by the developers to prepare a site plan to be used in the construction of the subdivision, including a plan for a storm water drainage system. Sullivan was the city's engineer. The plaintiffs alleged that their houses, which were constructed on a mountainside, were damaged by landslides and excessive water runoff due to the developers' failure to construct an adequate drainage system on their property. The plaintiffs further alleged negligence on the part of Walter Schoel in the preparation of a site plan used by the developers, and on the part of Sullivan in failing to inspect the drainage system. The trial court entered a summary judgment for Walter Schoel and Sullivan and certified it as final pursuant to Rule 54(b), Ala.R.Civ.P.
The plaintiffs contend that the summary judgment was improper because, they argue, there are disputed questions of fact as to whether their houses were damaged as the result of negligence on the part of the defendants. Walter Schoel contends, among other things, that it was entitled to a summary judgment because, it says, the evidence was undisputed that the developers did not implement the drainage system that it had designed and incorporated into the site plan. Thus, Walter Schoel argues that its design could not have been a proximate cause of the damage to the plaintiffs' houses. Sullivan argues, among other things, that although he was responsible for inspecting those areas within the subdivision that were to be dedicated to the city, he had no duty as city engineer to go further and inspect the drainage system constructed by the developers on the property that was to remain privately owned.
After carefully reviewing the record and the briefs, we conclude that the summary judgment was proper as to Walter Schoel. The undisputed evidence shows that Walter Schoel designed a drainage system for the subdivision and incorporated that system into the site plan. The site plan was approved by the city. However, because the developers did not construct the drainage system that Walter Schoel had designed, any negligence on the part of Walter Schoel in preparing the site plan could not have been a proximate cause of the damage to the plaintiffs' houses. See Thetford v. City of Clanton,605 So.2d 835, 840 (Ala. 1992) ("[p]roximate cause is an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred"); Rule 56, Ala.R.Civ.P.
Section 4.07 of the city's regulations governing subdivisions states in part that "[s]torm sewers or drains shall be provided where necessary." Section 6.05 of those regulations provides in part:
 "Tentative approval of the [Planning] Commission is revokable and is to be considered only as approval of the design, with the understanding that the Commission, the Town Engineers, and the County Health Officer will examine the grades of streets, the types of improvements, the layout of drainage and sewerage system and the water system, and may modify any engineering or construction details submitted by the subdivider whenever required for the protection of the public interest."
(Emphasis added.) Section 5 of Ordinance 739 sets out the duties and responsibilities of the city's engineer:
 "A. He shall advise the City Council and City Officials on all engineering matters referred to him, and shall perform such duties as are provided by law or ordinance, and in addition thereto, such other duties as from time to time may be imposed upon him by the Mayor or City Council.
 "B. He shall from time to time as required by the Mayor and/or the City Council make reports regarding public improvements, repairs of streets, bridges and sidewalks or such other work as the Mayor or City Council may request and shall make suggestions to the Mayor and City Council regarding the same as shall in his judgment seem best and proper. *Page 426 
 "C. He shall keep accurate maps, plats, and records of all public works, lands, or property owned by the city.
 "D. He shall render written or oral opinions when requested by the Mayor or by any member of the City Council.
 "E. He shall, upon request of the Mayor or the City Council, inspect, prepare, or cause to be prepared all technical engineering drawings, plans, specifications and/or contracts to which the city may enter into or may be a party.
 "F. He shall attend regular and special meetings of the City Council or assign a qualified engineer in his absence, he shall render such advice or expert opinions at such meetings as may be requested of him by the Mayor or the City Council."
Sullivan testified in pertinent part as follows:
 "I did not build, design and/or sell any of the buildings constituting the [subdivision].
 "I did not participate in the preparation of the site plan for the development of the [subdivision].
 "I did not supervise the development site for the construction of the [subdivision].
". . . .
 "While I was employed as City Engineer for the City of Vestavia Hills, Alabama, the engineering plans prepared by Walter Schoel Engineering Company, Inc., were presented to me by [one of the developers]. It was my duty as City Engineer to review and make sure that the development of that portion of the project to be dedicated and accepted by the city for future maintenance met the requirements of city ordinances and was to be done in accordance with good engineering practices. To be more specific, it was my job to make certain that the street, the bridge, and that portion of the sanitary sewer and storm water drainage system to be located within the right-of-way of the public street complied with the requirements of the City Code. It was not my duty or job to approve any other portion of the engineering plans and drawings."
(Emphasis added.)
The foregoing evidence prima facie showed that Sullivan had no duty as city engineer to inspect the plaintiffs' property for any defects in the drainage system constructed by the developers. The developers hired a private engineering firm to assist them in designing a proper drainage system. The city approved the site plan prepared by that engineering firm; however, the developers did not follow that plan. There is no evidence suggesting that Sullivan, an employee of the city, was under either a common law or a statutory duty to inspect those areas of the subdivision that were not to be dedicated to the city for further maintenance. Contrary to the plaintiffs' contention, we view Sullivan's testimony with respect to the scope of his duties as being consistent with § 6.05 of the city's regulations governing subdivisions. Section 6.05 clearly contemplates inspection and intervention by the city's engineer "whenever required for the protection of the public interest." Because the plaintiffs failed to rebut Sullivan's prima facie showing of nonliability, he was entitled to a judgment as a matter of law. Rule 56.
For the foregoing reasons, we affirm the summary judgment for Walter Schoel and Sullivan.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and COOK, JJ., concur.