YATES, Judge.
The appellants are 22 homeowners (hereinafter referred to as “the homeowners”) living in a small subdivision called Stratford Place in Pelham, Alabama. After suffering major water damage to their homes, the homeowners sued various defendants, including Carr & Associates Engineers, Inc., the appel-lee in this action. Carr & Associates moved for a summary judgment; the trial court granted the motion and entered a final judgment in favor of Carr & Associates. The homeowners appealed to the supreme court. The appeal was transferred to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Viewed in a light most favorable to the homeowners, see Hinkle v. Burgreen Contracting Co., 678 So.2d 797 (Ala.Civ.App.1996), the evidence in the record suggests the following facts: Donnie Tucker developed Stratford Place in late 1988 in successive phases, respectively referred to as Phases I, II, III, IV, and V. Carr & Associates is a civil engineering firm engaged primarily in civil engineering and surveying, which work includes designing drainage systems for residential subdivisions. Ben Carr is the president of Carr & Associates and has been a licensed, practicing civil engineer since 1960.
Carr & Assoeiates’s first contact with Stratford Place came in the late 1980’s when Tucker engaged Carr & Associates to complete some minor paperwork remaining on Phase III and to design the storm drainage system for Phases IV and V. It is this drainage system that is at issue.
Carr presented to the City of Pelham the design for the drainage system in Phases IV and V, showing an open drainage ditch without pipe. Because of complaints from some of the homeowners, the City and the city engineer informed Tucker that the open drainage ditch was not acceptable and that Tucker would have to replace the ditch with a culvert and covered drainage pipe. Tucker complied with the City’s directive.
Subsequently, the homeowners began to complain that the system provided inadequate drainage of their lots and of alley ways and streets. The homeowners hired an independent engineering firm, P.E. Lamoreaux & Associates, Inc. (“Lamoreaux”), to analyze the drainage system. Lamoreaux obtained the engineering drawings from Carr & Associates. The plans were analyzed and compared with the “as-built” plans. It is undisputed that the plans submitted to the City by Carr & Associates showed an open ditch without a pipe. Lamoreaux determined that the pipe in the covered drainage ditch was inadequate to remove the excessive water.
Carr & Associates moved for a summary judgment, citing Brickman v. Walter Schoel Engineering Co., 630 So.2d 424 (Ala.1993), as supporting authority. In Brickman, the supreme court determined that an engineer was not liable for a faulty design if the developer deviated from the engineer’s plan and design. The homeowners contended that Carr & Associates was not entitled to a summary judgment because, they say, there remained a material disputed issue as to whether Carr & Associates had any input into the plans resulting from the deviation.
A motion for summary judgment is to be granted if there is no genuine issue of mate *443 rial fact and the moving party is entitled to a judgment as a matter of law. Hinkle, supra. If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. “[SJubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
It is undisputed that the City ordered Tucker to enclose the ditch and that Tucker’s contracting company did the construction work. Ben Carr testified in deposition that Carr & Associates was never consulted or asked its opinion as to whether the system resulting from the deviation was adequate. He further testified that he did not know if any other engineer had performed any studies to determine the feasibility of enclosing and piping the ditch. Tucker, on the other hand, testified in deposition that Carr was involved in the plans for the deviation and that they, in fact, had had several meetings to discuss the deviation. It is undisputed that Ben Carr was present at the site on the day the ditch was being enclosed and the pipe laid. Tucker testified that Carr and the city engineer were present that day “to ratify” what he was doing. He stated: “Part of the contract that I had with [Carr] was that if anything was different on the — from the construction plans, then he would come out and do a site visit and give opinions of what needed to be done or something like that.” When questioned as to whether it was possible that Carr & Associates was not involved with the deviation until the actual construction had been started, Tucker answered:
“My answer to that, and that’s the way it is, and I mean this as a compliment to Ben, but I would never do anything like that without consulting the engineer first. And I mean that as a compliment to him because that’s an important step and we rely on the engineer all the way through on building one of these things, and if there is any major changes then that’s part of the training that we have, is to include them in it.”
Tucker’s testimony directly contradicts the testimony of Ben Carr. That testimony concerns the central issue in this case: whether Carr & Associates is responsible for the design of the drainage system installed at Stratford Place, which the homeowners say was designed negligently. The dispute clearly creates a genuine issue of material fact.
For the foregoing reasons, we conclude that the court erred in entering the summary judgment. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.