YATES, Judge.
Walter Achenback, Elizabeth Graham, Howard Kaneff, and Jeanette Sprunk (“the defendants”), appeal from a partial summary judgment entered in favor of FB Huntsville Owners LLC, and Twenty-Fourth Huntsville Corporation. This case was transferred to this court by the su *2 preme court, pursuant to § 12-2-7(6), Ala. Code 1975.
A summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), Ala. R. Civ. P. “If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to [present substantial evidence creating such an issue].” Hinkle v. Burgreen Contracting Co., 678 So.2d 797, 799 (Ala.Civ.App.1996). “Substantial evidence” is “evidence of such weight and quality that a fair-minded person in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether substantial evidence exists to defeat a summary judgment motion, the reviewing court must view the evidence in a light most favorable to the nonmoving party. Goodwin v. City of Fultondale, 706 So.2d 766 (Ala.Civ.App.1997).
The facts, viewed in the light most favorable to the defendants, are as follows: FB Huntsville filed a complaint seeking a sale of certain commercial real property and a division of the proceeds. The defendants and FB Huntsville were co-owners of the property. The previous owner of the property had entered into a ground lease of the property, which provided for an initial rental period from March 1, 1971, to November 30, 1995, with irrevocable renewal rights for successive five-year periods, up to an aggregate of 99 years. The lease was not recorded, as required by § 35-4-6, Ala.Code 1975, in the office of the judge of probate of Madison County within one year of the date of its execution. FB Huntsville and the defendants are successor owners of the property and successor lessors under the lease. Twenty-Fourth Huntsville is the successor lessee.
The defendants challenged the validity of the lease with Twenty-Fourth Huntsville.[1] Twenty-Fourth Huntsville moved to intervene in the action, and its motion was granted. Twenty-Fourth Huntsville sought a judgment declaring that the lease was not made void by § 35-4-6. FB Huntsville moved for a partial summary judgment, arguing that the lease was not void. Twenty-Fourth Huntsville joined FB Huntsville’s motion for a partial summary judgment.
In opposition to the motion, the defendants argued that the lease was void and unenforceable. They further argued that Twenty-Fourth Huntsville had failed to timely pay its rent and had allowed waste to occur on the property.
The trial court entered a partial summary judgment in favor of FB Huntsville and Twenty-Fourth Huntsville, finding that the defendants had known of the lease before Twenty-Fourth Huntsville exercised its renewal option and, thereafter, had accepted rent payments for several years. The trial court held that the defendants were estopped from claiming that the lease was void on the basis that it did not comply with § 35-4-6, based on Eastwood Mall Associates, Ltd. v. All American Bowling Corp., 518 So.2d 44 (Ala.1987). The court further held, with respect to the defendants’ argument that Twenty-Fourth Huntsville had breached *3 its lease by failing to remit rents in a timely manner, that the evidence showed the defendants had continued to accept the payments until July 1998. The trial court further held that the defendants’ argument concerning the alleged waste and failure to timely pay rent would go to the issue whether the lease could be terminated as a result of any such breach — not whether the lease was void as a result of its not having been recorded under § 35-4-6. The court made the partial summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P.
Section 35-4-6, Ala.Code 1975, provides:
“No leasehold estate can be created for a longer term than 99 years. Leases for more than 20 years shall be void for the excess over said period unless the lease or a memorandum thereof is acknowledged or approved as required by law in conveyances of real estate and recorded within one year after execution in the office of the judge of probate in the county in which the property leased is situated.”
The dispositive issue is whether the lease in question is valid and enforceable notwithstanding the terms of § 35-4-6.
Eastwood Mall involved a lease for a 20-year term, ending on August 31, 1980, with two 10-year-extension options. Before the original 20-year lease term expired, the tenant notified the landlord that it intended to exercise the first 10-year option, and the parties executed an agreement to that effect. In August 1984, the landlord sold his interest to Eastwood Mall and assigned to it all of the mall leases, “together with any and all extensions and renewals of any thereof.” 518 So.2d at 45.
After accepting rental payments for almost two years, Eastwood Mall notified the tenant that the lease was void as of September 1, 1980, under § 35-4-6, because the term of the lease exceeded 20 years and the lease had not been recorded within one year of its execution. The supreme court stated: “The plain purpose of § 35-4-6 is to provide notice to innocent purchasers of property who otherwise might purchase property and then discover an unrecorded lease on the property that deprives them of the benefits of ownership for up to 99 years.” 518 So.2d al 46. The supreme court held that Eascwood Mall had actual notice of the lease and should not be permitted to use this statute to the detriment of the tenant.
In the present case, the defendants were estopped from denying the validity of the lease, because they had accepted rental payments long after the expiration of the first 20 years of the lease. The “plain purpose” of § 35-4-6 has been met in this case, because “no innocent purchasers” have been caught unaware by the failure to record the lease. The defendants were fully aware of the lease and knowingly continued to accept its benefits for several years before seeking to have it declared invalid.
The defendants also argue that the lease is void and unenforceable because Twenty-Fourth Huntsville breached its lease by committing waste and failing to timely pay rent and, they say, under Eastwood Mall, the lease is void. The supreme court in Eastivood Mall did note that the tenants, it “appeared,” had performed all obligations under the lease; however, the court’s holding in Eastwood Mall is to prevent a landlord who has actual knowledge of a lease and accepts rents under it from then seeking to have the lease declared invalid under § 35-4-6. The basis of the holding in Eastwood Mall was the landlord’s knowledge of the lease and the landlord’s conduct. Moreover, as the trial court noted in this present case, this is a partial summary judgment and the issue whether Twenty-Fourth Huntsville committed waste or failed to timely pay its rents would go to the issue whether there *4 was a breach and not to the issue whether the lease was void because it was not recorded under § 35-4-6.
The defendants argue that the trial court committed reversible error by failing to strike the affidavit of Richard Birdoff. Birdoffs affidavit was filed in support of FB Huntsville’s summary-judgment motion, which was later joined by Twenty-Fourth Huntsville. The defendants contend that Birdoffs affidavit was not based on personal knowledge. We disagree. Birdoff was a partner in FB Huntsville, and the affidavit states that it is based on Birdoffs personal knowledge, in accordance with Rule 56(e), Ala. R. Civ. P. Again, FB Huntsville and the defendants are co-owners of the property and it is one of the lessors under the lease. Birdoffs affidavit concerned the ownership of the subject property, the terms of the lease with Twenty-Fourth Huntsville, and the payments of rent under the lease. Given these facts, we conclude that any contention that Birdoffs affidavit was inadmissible due to lack of personal knowledge is without merit.
The defendants next challenge the trial court’s ruling on a discovery matter. However, that issue is not properly before this court on this appeal from a partial summary judgment on the question whether the lease is void and unenforceable, under § 35-4-6, for not being recorded within one year of execution.
The defendants argue that Twenty-Fourth Huntsville’s renewal of the lease is invalid under the Statute of Frauds, § 8-9-2, in that Lawrence Kadish, to whom notice was directed, was not authorized in writing to accept the notice on behalf of the defendants. First, this is a partial summary judgment on the issue whether the lease was void and unenforceable under § 35-4-6, because it was for a period of over 20 years and was not recorded within one year of execution. That judgment does not concern the Statute of Frauds. Second, the Statute of Frauds does not require that the lessor’s agent be authorized in writing to accept a notice of renewal. Section 8-9-2 is satisfied by the lease itself, which is in writing and signed. It should be noted that the defendants are not arguing that they did not receive notice and are not arguing that Kadish was not authorized to receive the notice — they are arguing that there was no document authorizing Kadish to receive notice and that that lack of a document violated the Statute of Frauds. This argument is without merit. Moreover, the defendants accepted rent from Twenty-Fourth Huntsville for years after Twenty-Fourth Huntsville had notified Kadish of its intent to renew the lease.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.

. Whether the property is subject to the lease would affect the fair market value of the properly in a sale-for-division.