HOUSTON, Justice.
FB Huntsville Owners LLC filed an action in the Madison Circuit Court for the sale of certain commercial real property and a division of the proceeds among the owners thereof. The defendants were Walter Achenbach, Elizabeth Graham, Howard Kaneff, and Jeanette Sprunk, all of whom were co-owners of the property with Huntsville Owners. A tenant on the property, Twenty-Fourth Huntsville Corporation (“Twenty-Fourth”), intervened as a plaintiff. The defendants argued that the lease between all of the owners and Twenty-Fourth was void under § 35-4-6, *6 Ala.Code 1975. Huntsville Owners moved for a partial summary judgment, arguing that the lease was not void. Twenty-Fourth joined Huntsville Owners in that motion. The trial court granted the motion and entered a partial summary judgment holding that the defendants were estopped from claiming that the lease was void on the basis that it did not comply with § 35-4-6. The court entered a Rule 54(b), Ala. R. Civ.P., order making the partial summary judgment final. The defendants appealed to the Court of Civil Appeals, which affirmed. Achenback v. FB Huntsville Owners LLC, 783 So.2d 1 (Ala.Civ.App.1999). We granted the defendants’ petition for certiorari review, and we now reverse and remand.
Huntsville Owners and the defendants were co-owners of a parcel of land. The previous owner of that property had entered into a ground lease of the property with a previous lessee. Eventually, Huntsville Owners and the defendants became the successor lessors, and Twenty-Fourth became the successor lessee. The original term of the lease was from March 1, 1971, through November 30, 1995 (24 years and 9 months); the lease also included irrevocable renewal rights for successive 5-year periods, up to an aggregate of 99 years.
Section 35-4-6 Ala. Code 1975, provides:
“No leasehold estate can be created for a longer term than 99 years. Leases for more than 20 years shall be void for the excess over said period unless the lease or a memorandum thereof is acknowledged or approved as required by law in conveyances of real estate and recorded within one year after execution in the office of the judge of probate in the county in which the property leased is situated.”
It is undisputed that the lease was for a term longer than 20 years, and that it was never filed for record or recorded in the Probate Court of Madison County. However, Huntsville Owners and Twenty-Fourth argue that the defendants are es-topped from relying on this statute, citing Eastwood Mall Associates, Ltd. v. All American Bowling Corp., 518 So.2d 44 (Ala.1987), a plurality opinion of this Court. That case involved a 20-year lease with two options to extend the lease by 10 years. The trial court in that case held that the initial lease lasted for only 20 years because at the end of the 20-year period, the lessor and lessee signed a new agreement that encompassed the 10-year extension. Id. at 45-46. This new agreement was determined to be a new 10-year lease. Furthermore, the trial court held that because neither the initial lease nor the subsequent 10-year lease was for more than 20 years, § 35-4-6 was inapplicable. Id. at 46. A plurality of this Court affirmed, but in doing so discussed the question whether the doctrine of estoppel applied in that case. Id. It is the discussion regarding estoppel that Huntsville Owners and Twenty-Fourth rely on in this case. The discussion in Eastiuood reads:
“[The lessors] argue that the doctrine of estoppel cannot be invoked to uphold an agreement that is void. They cite cases wherein agreements were held void because the Statute of Frauds had been violated and wherein estoppel was therefore not allowed as a defense. However, this Court has held that estop-pel may be applicable to prevent the assertion of a defense that an agreement is void if the promisor has accepted the benefits of the agreement and the prom-isee has fully performed. Dean v. Myers, 466 So.2d 952 (Ala.1985). In the instant case, [the lessors] accepted the rental payments for approximately two *7 years, and it appears from the record that [the lessee] fully performed all of its obligations under the lease. Accordingly, we hold that estoppel applies in this ease.”
Eastiuood, 518 So.2d at 46. The Court of Civil Appeals affirmed the summary judgment for Huntsville Owners and Twenty-Fourth, based on the estoppel reasoning in Eastwood.
The sole question before this Court is whether the Court of Civil Appeals erred in affirming a summary judgment that allowed a party to be estopped from asserting that a lease is void under § 35-4-6.
This Court will review a summary judgment de novo, and it will apply the same standard as the trial court. Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). A summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ.P.
When interpreting a statute, this Court will first look to the plain meaning of the words as written by the Legislature. DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala.1998). If the plain meaning of the language in the statute is unambiguous, then there is no room for judicial construction. Id. In reviewing the language of § 35 — 4—6, we first consider the phrase “Leases for more than 20 years shall be void for the excess over said period.... ” (Emphasis added.) The word “shall” is presumptively mandatory. Hornsby v. Sessions, 703 So.2d 932, 939 (Ala.1997). Therefore, according to the plain meaning of § 35-4-6, a lease that is made for more than 20 years and that is not properly recorded, is void for any portion of that lease period that exceeds 20 years. The legislators’ intent could not be clearer.
This Court may not prevent a statute from achieving the effect envisioned by the Legislature. We have stated:
“[I]t is our job to say what the law is, not to say what it should be. Therefore, only if there is no rational way to interpret the words as stated will we look beyond those words to determine legislative intent. To apply a different policy would turn this Court into a legislative body, and doing that, of course, would be utterly inconsistent with the doctrine of separation of powers. See Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).”
DeKalb County LP Gas Co., 729 So.2d at 276.
In the past, this Court has followed the plain meaning of § 35-4-6 and has interpreted it in this way:
“[Section 35-4-6] states that leases that are not recorded within one year of their execution are not valid for more than 20 years. Therefore, the lease between the Association and the City was voided by operation of law in 1970 and does not stand as a bar to the Association’s plan to sell the field.”
City of Fort Payne v. Fort Payne Athletic Ass’n, Inc., 567 So.2d 1260, 1263 (Ala.1990).
Huntsville Owners and Twenty-Fourth argue that the plurality opinion in Eastwood somehow changes the plain meaning of the words in the statute. Initially, we note that the precedential value of the reasoning in a plurality opinion is questionable. See 20 Am.Jur.2d, Courts 195 (1965); see also City of Lakewood v. Plain Dealer Publ’g Co., 486 U.S. 750, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988); United States v. Pink, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796 (1942). The affirmance in Eastwood was correct because the trial court correctly held that § 35-4-6 was inapplicable, there being no lease for a term *8 longer than 20 years. However, the discussion concerning estoppel was inconsistent with § 35-4-6 and, therefore, incorrect; the purported holding in Eastwood on the law of estoppel is overruled.
Because we conclude that § 85-4-6 must be complied with and that a party cannot be estopped from asserting that a lease is void under that section, the trial court should not have entered the summary judgment in favor of Huntsville Owners and Twenty-Fourth, and the Court of Civil Appeals erred in affirming that judgment.
We have fully considered the other arguments made by the parties in their briefs, but because of our holding regarding § 35-4-6, we pretermit any discussion of those arguments.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.